## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

ANGEL RODRIGUEZ RAMOS
12316 Middle Road
Silver Spring, MD 20906

JOSE LUIS MUNGUIA
12316 Middle Road
Silver Spring, MD 20906

MOISES MALDONADO
5921 Cherrywood Terrace, Apt. 102
Greenbelt, MD 20770

JUAN FRANCISCO MARTINEZ
5914 Cherrywood Terrace, Apt. 101
Greenbelt, MD 20770

JOSE PAZ REYES
11504 Elkin Street, Apt. 101
Wheaton, MD 20902

ELIO LIMA
8855 Garland Ave., Apt. 12
Silver Spring, MD 20901

JOSE GRANADOS
1704 Westchester Drive
Silver Spring, MD 20902

       Plaintiffs,

v.

PARKINSON CONSTRUCTION
COMPANY, INC.
7826 Eastern Avenue, Suite 502
Washington, DC 20012

       Defendant.

**COMPLAINT**

Civil Case No. _____

## COMPLAINT

### Introduction

1.     Plaintiffs were employed by defendant as general construction laborers. Defendant did not pay plaintiffs overtime wages for their overtime hours. Defendant also failed to pay plaintiffs for some of the work they performed in March 2015.

2.     Plaintiffs bring this action to recover damages for defendant's willful failure to pay overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("WHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("WPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant's principal place of business is in this district.

### Parties

5.     Angel Rodriguez Ramos is an adult resident of Montgomery County, Maryland.

6.     Jose Luis Munguia is an adult resident of Montgomery County, Maryland.

7.     Moises Maldonado is an adult resident of Prince George's County, Maryland.

8.     Juan Francisco Martinez is an adult resident of Prince George's County, Maryland.

9.      Jose Paz Reyes is an adult resident of Montgomery County, Maryland.

10.     Elio Lima is an adult resident of Montgomery County, Maryland.

11.     Jose Granados is an adult resident of Montgomery County, Maryland.

12.     Defendant Parkinson Construction Company, Inc.  ("Parkinson") is a Maryland

corporation with a principal place of business at: 7826 Eastern Avenue, Suite 502, Washington,

DC 20012. Parkinson's resident agent for service of process is: Nigel Parkinson, 7826 Eastern

Avenue, Suite 502, Washington, DC 20012.

## Factual Allegations

13.     Defendant is a large construction firm that provides construction services throughout the

Mid-Atlantic region.

14.     Plaintiffs were interviewed and hired for their positions at defendant's Maryland office,

located at: 3905 Perry Street, Brentwood, MD 20722 ("Maryland Office").

15.     Defendant agreed to pay each plaintiff between $12.00 and $20.00 per hour.

16.     For varying lengths over the last three years, plaintiffs each performed general

construction labor for defendant.

17.     Plaintiff Angel Rodriguez Ramos was employed by defendant from approximately

October 2013 through March 2015.

18.     Plaintiff Jose Luis Munguia was employed by defendant from approximately March 2013

through April 2015.

3

19.     Plaintiff Moises Maldonado was employed by defendant from approximately March 2014 through April 2015.

20.     Plaintiff Juan Francisco Martinez has been employed by defendant since at least 2010.

21.     Plaintiff Jose Paz Reyes was employed by defendant from approximately February 2013 through August 2014.

22.     Plaintiff Elio Lima has been employed by defendant from approximately October 2013.

23.     Plaintiff Jose Granados has been employed by defendant since approximately January 2013.

24.     Plaintiffs' job duties were virtually identical. They included carpentry, drywall installation, masonry and concrete work, and general construction labor.

25.     In the last three years, each plaintiff worked a significant number of overtime hours for defendant.

26.     Defendant paid plaintiffs the same for each hour worked, regardless of whether plaintiffs worked more than 40 hours in any one workweek.

27.     Defendant frequently documented this practice on a single weekly paystub. For example, see the paystub below. On this paystub, Plaintiff Jose Luis Munguia was paid for 58 hours — all at a rate of $20.00 per hour.

4

**PARKINSON CONSTRUCTION CO., INC.**                                                      3159

| PAY PERIOD 11/23/2013  CHECK DATE  11/29/2013 | CHECK AMOUNT | *****891.65 |
|---|---|---|

| | HOURS | | AMOUNT | DEDUCTIONS/BENEFITS | AMOUNT | YTD TOTAL |
|---|---|---|---|---|---|---|
| Regular | 58.00 | 20.000 | 1,160.00 | | | |

| | TAXABLE GROSS | 1,160.00 |
|---|---|---|

| TAXES | AMOUNT | YEAR-TO-DATE |
|---|---|---|
| FEDERAL | 91.57 | 1,985.88 |
| SOC SEC | 71.92 | 2,034.22 |
| MEDICARE | 16.82 | 475.75 |
| 3.10% - Mar F | 88.04 | 251.56 |
| | | |
| TOTAL TAXES | 268.35 | |

| TOTAL BENEFITS | 0.00 | TOTAL DEDUCTIONS | 0.00 |
|---|---|---|---|
| JOSE LUIS  MUNGUIA SILVA | | YTD Gross | 32,810.00 |

28.     More recently, starting in approximately April 2014, defendant changed its pay practices so as to make its failure to pay overtime less obvious. In April 2014, defendant began to issue plaintiffs two weekly paystubs: 1) one for hours up until forty, and 2) one for overtime hours. The second check would not acknowledge the number of overtime hours. Rather, the amount paid in the second check would equal the number of overtime hours worked multiplied by the plaintiff's regular hourly rate.

29.     For example, see the below paystubs, issued for the same workweek to plaintiff Jose Luis Munguia. In this workweek, Mr. Munguia worked 84 hours for defendant. The 44 hours of overtime were paid in a second paycheck at the regular hourly rate of $20.00 per hour.



30.    In addition to not paying overtime, defendant also failed to pay six of the plaintiffs (all

except for Jose Paz Reyes) for some of their hours worked in or about March 2015. Plaintiffs

estimate that each of them was not paid for approximately 30 – 35 hours of work performed in

March 2015. Plaintiffs arrived at this estimation by comparing the hours recorded on their sign-in sheets with those that were reflected on plaintiffs' paystubs.

31.     Each week, plaintiffs were required to pick up their paychecks at defendant's Maryland Office.

32.     Regardless of the location of a specific work site, plaintiffs were frequently called upon to pick up materials and equipment at various sites in Maryland.

33.     At all relevant times, defendant designated plaintiffs as Maryland employees. At all relevant times and with respect to each plaintiff, defendant paid into Maryland's workers' compensation fund.

34.     At all relevant times, defendant had more than two employees, and the annual gross volume of defendant's business exceeded $500,000.00.

35.     At all relevant times, defendant had the power to hire and fire plaintiffs, to control plaintiffs' work schedule, and to set plaintiffs' rate of pay.

36.     At all relevant times, defendant did not maintain true and accurate records of each hour, day, and week worked by plaintiffs, as required by 29 C.F.R. § 516 and Md. Code, Lab & Empl. Art., § 3-424. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

37.     At all relevant times, defendant was aware that it was legally required to pay plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

38.     Plaintiffs estimate that they are collectively owed approximately $50,000.00 in unpaid overtime wages.

39.     Plaintiffs estimate that they are collectively owed an additional $4,000.00 in unpaid wages.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

40.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

41.     Plaintiffs were "employees" of defendant within the meaning the FLSA, 29 U.S.C. § 203(e)(1).

42.     Plaintiffs were "non-exempt" employees of defendant within the meaning of the FLSA, 29 U.S.C. § 213.

43.     Defendant was an "employer" of plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

44.     The FLSA requires employers to pay non-exempt employees one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

45.     Defendant violated the FLSA by knowingly failing to pay plaintiffs at least one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

46.     Defendant's violations of the FLSA were willful.

47.     For its violations of the FLSA, defendant is liable to plaintiffs for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE WHL**

48.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

49.     Defendant was an "employer" of plaintiffs within the meaning of the WHL, Md. Code, Lab. & Empl. Art. § 3-401(b).

50.     The WHL requires employers to pay non-exempt employees one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art. § 3-415.

51.     Defendant violated the WHL by knowingly failing to pay plaintiffs at least one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

52.     Defendant's violations of the WHL were willful.

53.     For its violations of the WHL, defendant is liable to plaintiffs for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE WPCL**

54.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

55.     Defendant was an "employer" of plaintiffs within the meaning of the WPCL, Md. Code, Lab. & Empl. Art., § 3-501(b).

56.     The WPCL requires employers to promptly pay employees their wages "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

57.     The "compensation" required to be paid by the WPCL includes overtime wages. Peters v. Early Healthcare Giver, Inc., 439 Md. 646, 654 (Md. 2014).

58.     Defendant violated the WPCL by knowingly failing to promptly pay plaintiffs for all hours worked.

59.      Defendant also violated the WPCL by knowingly failing to promptly pay plaintiffs at least one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

60.     Defendant's violations of the WPCL were willful.

61.     For its violations of the WPCL, defendant is liable to plaintiffs for three times the amount of the unpaid wages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against the defendant on all counts, and grant the following relief:

a.      Award plaintiffs an estimated $162,000.00 in damages consisting of the following

overlapping elements:

     i.      unpaid overtime wages, plus an equal amount as liquidated damages,

          pursuant to the FLSA, 29 U.S.C. § 216;

     ii.      unpaid overtime wages, plus an equal amount as liquidated damages,

          pursuant to the WHL, Md. Code, Lab. & Empl. Art., § 3-427;

     iii.      three times the amount of the unpaid overtime wages, pursuant to the

          WPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

     iv.      three times the amount of the unpaid wages, pursuant to the WPCL, Md.

          Code, Lab. & Empl. Art., 3-507.2;

b.      Award plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.      Award plaintiffs reasonable attorneys' fees and expenses incurred in the

prosecution of this action;

d.      Award plaintiffs court costs; and

e.      Award any additional relief the Court deems just.


Date: 04/27/2015                              Respectfully submitted,

                                      /s/ Justin Zelikovitz, Esq.
                                      Justin Zelikovitz, #986001
                                      LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                      519 H Street, NW; Second Floor
                                      Washington, DC 20001

Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

12